Amanda Harber, AK #1011119
Attorney for the Plaintiff
49th State Law LLC
PO Box 661
Soldotna, AK 99669
Tel: (907) 420-4290
Fax: (907) 308-6685
Email: amanda@49thstatelaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**
**ANCHORAGE DIVISION**

| | |
|---|---|
| CHRISTOPHER JOEL WRIGHT and CYNTHIA ELAINE WRIGHT, as Co-Personal Representatives of the Estate of KIRSTIN NICOLE WRIGHT, deceased<br><br>*Plaintiffs*,<br><br>vs.<br><br>HELEN KNOPP, as Personal Representative of the ESTATE OF GARY KNOPP, deceased; HELEN KNOPP, individually and d/b/a G & H CONSTRUCTION; HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC.; SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC; SANDRA BELL as Personal Representative of the ESTATE OF GREGORY BELL,<br><br>*Defendants*. | CASE NO.:<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs CHRISTOPHER JOEL WRIGHT and CYNTHIA ELAINE WRIGHT, as Co-Personal Representatives of the Estate of KIRSTIN NICOLE WRIGHT, deceased by and through their attorneys, RAPOPORT WEISBERG & SIMS, P.C., the HODGE & LANGLEY LAW FIRM, and 49TH STATE LAW, LLC complain against Defendants, HELEN KNOPP, as Personal Representative of

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

the ESTATE OF GARY KNOPP, deceased; HELEN KNOPP, Individually and d/b/a G & H CONSTRUCTION; HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC.; SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC; and SANDRA BELL as Personal Representative of the ESTATE OF GREGORY BELL, and state as follows:

## INTRODUCTION

1. This lawsuit arises out of the tragic Kenai Peninsula mid-air collision that took place approximately 1,175 feet above Soldotna, Alaska on July 31, 2020 in which a Piper PA-12 Super Cruiser piloted by Alaska state legislator Gary Knopp, with no other occupants and a de Havilland DHC-2 Beaver piloted by Gregory Bell and occupied by 5 passengers, collided. All seven individuals perished as a result of the mid-air collision, including Plaintiffs' decedent, 23 year-old KIRSTIN NICOLE WRIGHT.

## SUBJECT MATTER JURISDICTION

2. Plaintiffs CHRISTOPHER JOEL WRIGHT and CYNTHIA ELAINE WRIGHT, as Co-Personal Representatives of the Estate of KIRSTIN NICOLE WRIGHT, deceased, are now and were at the time of the crash citizens of South Carolina. Plaintiffs' decedent, KIRSTIN NICOLE WRIGHT, was at the time of her death a citizen of South Carolina.

3. Defendant HELEN KNOPP, as Personal Representative of the ESTATE OF GARY KNOPP, is a citizen of Alaska. Decedent Gary Knopp was at all relevant times a citizen of Alaska.

4. Defendant HELEN KNOPP is a citizen of Alaska.

5. Defendant HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC. is an Alaska corporation with its principal place of business in Alaska.

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

6. Defendant SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC is an Alaska limited liability company. Its members are Sandra Bell, a citizen of Alaska; Mark Bell, a citizen of Alaska; and the Estate of Mark Bell, an estate organized in the State Courts of Alaska and administered by Sandra Bell as personal representative, a citizen of Alaska. The Estate's decedent was at the time of his death a citizen of Alaska.

7. Defendant SANDRA BELL, as Personal Representative of the ESTATE OF GREGORY BELL, is a citizen of Alaska. Decedent Gregory Bell was at the time of his death a citizen of Alaska.

8. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. This court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## IN PERSONAM JURISDICTION

10. The defendants, and each of them, are citizens of and engage in substantial activities within Alaska and committed tortious acts and/or omissions in Alaska.

11. A substantial part of the events and/or omissions giving rise to the mid-air collision occurred in this district.

12. This court has personal jurisdiction over the defendants pursuant to Alaska Stat. § 09.05.015 subparagraphs (a)(1), (a)(3), (a)(7), (a)(10), and (b)(4).

## GENERAL ALLEGATIONS

13. At all material times, Gary Knopp and his wife Helen Knopp owned, controlled, maintained, and operated a certain Piper PA-12 aircraft (N2587M).

14. At all material times, Gary Knopp and his wife Helen Knopp owned and operated a for profit business doing business under the name "G & H Construction", performing general contractor work throughout the Kenai Peninsula and elsewhere.

15. At all material times, Gary Knopp and his wife Helen Knopp utilized the Piper PA-12 for business operations of G & H Construction.

16. In June of 2012, Gary Knopp's FAA medical flight certification was denied because of eyesight and vision problems.

17. Gary Knopp appealed the denial of his medical certificate and on an appeal, the denial was affirmed in July of 2012.

18. Thereafter, Gary Knopp never obtained an FAA medical certificate.

19. As of July 31, 2020, Gary Knopp did not have a properly issued FAA medical certificate.

20. At all material times, defendant HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC. was an FAA registered Part 135 commercial operator and common carrier, providing on-demand charter operations with its fleet of leased aircraft, including a certain de Havilland DHC-2 Beaver (N4982U) and as such, owed the highest duty of care to passengers aboard its aircraft.

21. At all material times, defendant SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC owned the de Havilland DHC-2 Beaver (N4982U).

22. At all material times, defendant SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC, through its managers, members, agents, and employees, maintained certain operational control over the de Havilland DHC-2 Beaver (N4982U) utilized by defendant HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC. for Part 135 operations.

23. At all materials times, defendant HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC. and defendant SOLDOTNA AIRCRAFT & EQUIPMENT

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

LEASING, LLC functioned as alter-egos of each other, with common ownership, common management and operations, interrelation of operations, and common staff.

24. At all material times, Gary Knopp was acting as an agent, employee, and/or servant of G & H Construction, operating the Piper PA-12 within the scope of his agency on behalf of G & H Construction.

25. At all times during the subject flight, Gary Knopp was piloting and navigating the Piper PA-12, and was in charge of safely operating the subject flight.

26. At all material times, Gregory Bell was acting as an agent, employee, and/or servant of both HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC. and SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC operating the de Havilland DHC-2 within the scope of his agency on behalf of both HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC. and SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC.

27. At all times during subject flight Gregory Bell was piloting and navigating the de Havilland DHC-2 Beaver, and under the Federal Aviation Regulations (FARs), was the Pilot-in-Command, in charge of safely operating the subject flight, and as such, owed the highest duty of care to passengers aboard his aircraft.

28. As a Part 135 air carrier, HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC., provided training, instruction, guidance and/or supervision to Gregory Bell, and wrote and/or approved instructions and warnings for the subject aircraft and its component parts and systems, including, but not limited to, its aircraft flight manual, aircraft operating manual, pilot operating handbook, training manuals, instruments and equipment, curriculum and/or procedures, including, but not limited to, training, procedures and operations

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

regarding flight in congested airspace, including, but not limited to, specific training to avoid a mid-air collision.

### July 31, 2020 Midair Collision

29. On July 31, 2020, Plaintiffs' decedent KIRSTIN NICOLE WRIGHT was a passenger aboard the subject High Adventure Charter flight originating at Longmere Lake, Alaska, bound for a remote lake on the west side of Cook Inlet, Alaska. The High Adventure Charter flight departed Longmere Lake at approximately 0824 AKD with 5 passengers aboard, including KIRSTIN NICOLE WRIGHT.

30. At approximately the same time, the Piper PA-12 piloted by Gary Knopp departed Soldotna Airport bound for Fairbanks, Alaska. On information belief, the purpose of the flight was related to business operations of G & H Construction.

31. Meteorological conditions at the time as recorded at Soldotna Airport (PASX) were daylight, clear with ceilings at 8500 agl, and visibility of 10 miles.

32. Preliminary flight track data reveals that the DHC-2 Beaver was traveling northwest about 1,175 ft mean sea level (msl) and gradually climbing about 78 knots (kts) when it crossed the Sterling Highway near Soldotna, Alaska. At or around the same time, the Piper PA-12 was traveling northeast about 1,175 ft msl at about 71 kts, north of and parallel to the Sterling Highway.

33. At approximately 0827 ADT, the airplanes collided about 2.5 miles northeast of the Soldotna airport at an altitude of about 1,175 ft msl and data signals were lost. The below figure depicts the approximate flight paths of the two aircraft:

[Figure: NTSB aerial diagram showing flight paths of N1904T and N4982U with timestamps 0826:12–0826:30 AKDT and main wreckage locations, ANC20LA074, Midair Collision Involving N1904T and N4982U, July 31, 2020 @ 0827 AKDT]

34. Following the mid-air collision, the DHC-2 Beaver fragmented into pieces with the main wreckage coming to rest in a debris field about 300 ft long in a wooded residential area. The Piper PA-12 main wreckage was located about 600 feet east of the DHC-2 Beaver and had the horizontal stabilizer and one elevator from the DHC-2 Beaver intertwined in its wreckage.

35. As a result of the conduct of the defendants and the resultant mid-air collision, Plaintiffs' decedent suffered severe and ultimately fatal injuries that caused her death.

## COUNT I
### Negligence – Survival Act
### Estate of Gary Knopp

36. Plaintiffs hereby incorporate by reference, as though fully set forth herein, all of the paragraphs above, and further allege as follows.

37. This Count is brought pursuant to Alaska's Survival Act Statute, AK § 09.55.570.

38. On July 31, 2020, Gary Knopp owed duties of care under both Alaska law and federal law, including the Federal Aviation Regulations, to operate in a reasonable safe manner the Piper PA-12 which he was flying.

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

39. Notwithstanding and in violation of these duties, defendant committed the following negligent acts and/or omissions:

   a. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 61.23, knowingly operated an aircraft as a solo pilot without a valid medical certificate;

   b. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.113, failed to comply with aircraft right-of-way;

   c. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.113(b), failed to see and avoid another aircraft;

   d. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.111, failed to maintain proper aircraft spacing;

   e. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.13, operated the aircraft in a careless and/or reckless manner;

   f. Failed to properly use collision avoidance technology, including the use of ADS-B in addition to properly monitoring and utilizing radio with regard to position and traffic reporting.

40. Some of these acts and/or omissions of the defendant were committed in an outrageous manner and with reckless indifference to the rights of others.

41. Plaintiffs' decedent, as a passenger aboard an aircraft within the airspace of the United States, was in the class of persons intended to be protected by the above-referenced sections of the Federal Aviation Regulations (FARs). The above-referenced FARs were designed to protect from the harm of midair collisions. The violation of some or all of these federal regulations constitute negligence *per se* under Alaska law.

42. As a direct and proximate result of one or more of these aforementioned acts or omissions, the Plaintiffs' decedent KIRSTIN NICOLE WRIGHT suffered severe and ultimately

fatal personal injuries and death, including but not limited to conscious pain and suffering, pre-impact terror, and severe emotional distress.

## COUNT II
### Negligence – Wrongful Death
### Estate of Gary Knopp

43. Plaintiffs hereby incorporate by reference, as though fully set forth herein, the preceding count and further allege as follows:

44. This Count is brought pursuant to Alaska's Wrongful Death Statute, AK § 09.55.580.

45. As a direct and proximate result of one or more of these aforementioned acts or omissions, the Plaintiffs suffered damages as established under the Alaska Wrongful Death Statute, including but not limited to pecuniary loss including the decedent's net lifetime earnings.

## COUNT III
### Negligence – Survival Act
### Helen Knopp

46. At all material times, Helen Knopp was the lawfully wedded wife of Gary Knopp, residing together and jointly owning, operating and carrying on as co-owners, a business for profit commonly known as G & H Construction ("Gary and Helen Construction") out of their jointly owned real properties utilizing jointly owned assets.

47. As a co-owner, business operator, business officer, and joint operator of G & H Construction, Helen Knopp knew or should have known of Gary Knopp's vision problems as it related to the operation of aircraft for the benefit of G & H Construction, including those vision problems leading to the denial of his FAA medical certificate in 2012.

48. As a co-owner, business operator, business officer, and joint operator of G & H Construction, Helen Knopp knew or should have known that Gary Knopp had been illegally

49th State Law LLC
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

operating aircraft for the use and benefit of G & H construction, in violation of the Federal Aviation Regulations for a long period of time prior to the July 31, 2020 mid-air collision near Soldotna, Alaska.

49. Helen Knopp knew or should have known that Gary Knopp's ongoing operation of aircraft with his vision problems and/or lack of a valid FAA issued medical certificate posed an unreasonable risk of harm to the general public, including to other aircraft operating within the general vicinity of Gary Knopp.

50. On information and belief, Helen Knopp aided and assisted the ongoing and illegal operation of aircraft by Gary Knopp for the benefit of G & H Construction, including but not limited to the subject flight, by concealing Gary Knopp's lack of a medical certificate and further by facilitating the provision and funding of flight-related expenses for the benefit G & H Construction, including aviation fuel, aviation maintenance, and FBO services at Soldotna Airport (PASX).

51. As an owner and operator of G & H Construction, Helen Knopp owed a duty to use reasonable care to prevent harm to others through the operations of G & H Construction.

52. Notwithstanding said duty, defendant committed the following negligent acts and/or omissions:

   a. Failed to stop Gary Knopp from operating aircraft for the benefit of G & H Construction when she knew or should have known that said ongoing operation with vision problems and an FAA denial of a medical certificate posed a risk of unreasonable harm to members of the general public;

   b. Aided, abetted, and assisted the ongoing operation of aircraft by Gary Knopp for the benefit of G & H Construction when she knew or should have known that said ongoing operation with vision problems and an FAA denial of a medical certificate posed a risk of unreasonable harm to members of the general public.

49th State Law LLC
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

49th State Law LLC
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

53. As a direct and proximate result of one or more of these aforementioned acts or omissions, the Plaintiffs' decedent KIRSTIN NICOLE WRIGHT suffered severe and ultimately fatal personal injuries and death, including but not limited to conscious pain and suffering, pre-impact terror, and severe emotional distress.

54. Some of these acts and/or omissions of the defendant were committed in an outrageous manner and with reckless indifference to the rights of others.

55. In addition to her liabilities imposed by her individual acts and/or omissions, Helen Knopp is legally responsible for the conduct of Gary Knopp as his business partner, including the operation of the Piper PA-12 aircraft into close vicinity of and collision with the DHC-2 Beaver.

## COUNT IV
### Negligence – Wrongful Death
### Helen Knopp

56. Plaintiffs hereby incorporate by reference, as though fully set forth herein, the preceding count and further allege as follows:

57. This Count is brought pursuant to Alaska's Wrongful Death Statute, AK § 09.55.580.

58. As a direct and proximate result of one or more of these aforementioned acts or omissions, the Plaintiffs suffered damages as established under the Alaska Wrongful Death Statute, including but not limited to pecuniary loss including the decedent's net lifetime earnings.

## COUNT V
### Negligence – Survival Act
### High Adventure Air Charter, Inc.

59. Plaintiffs hereby incorporate by reference, as though fully set forth herein, all of the paragraphs above, and further allege as follows.

60. This Count is brought pursuant to Alaska's Survival Act Statute, AK § 09.55.570.

61. On July 31, 2020, HIGH ADVENTURE AIR CHARTER, INC. owed duties of care under both Alaska law and federal law, including the Federal Aviation Regulations, to operate in a reasonable safe manner the de Havilland DHC-2 Beaver which it was flying.

62. Notwithstanding and in violation of these duties, defendant committed the following negligent acts and/or omissions:

   a. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.113, failed to comply with aircraft right-of-way;

   b. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.113(b), failed to see and avoid another aircraft;

   c. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.111, failed to maintain proper aircraft spacing;

   d. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.13, operated the aircraft in a careless and/or reckless manner;

   e. Failed to properly use collision avoidance technology, including the use of ADS-B in addition to properly monitoring and utilizing radio with regard to position and traffic reporting.

63. Some of these acts and/or omissions of the defendant were committed in an outrageous manner and with reckless indifference to the rights of others.

64. Plaintiffs' decedent, as a passenger aboard an aircraft within the airspace of the United States, was in the class of persons intended to be protected by the above-referenced sections of the Federal Aviation Regulations (FARs). The above-referenced FARs were designed to protect from the harm of midair collisions. The violation of some or all of these federal regulations constitute negligence *per se* under Alaska law.

*Complaint* Page 12 of 19
Case 3:21-cv-00049-JWS   Document 1   Filed 03/04/21   Page 12 of 19

65. As a direct and proximate result of one or more of these aforementioned acts or omissions, the Plaintiffs' decedent KIRSTIN NICOLE WRIGHT suffered severe and ultimately fatal personal injuries and death, including but not limited to conscious pain and suffering, pre-impact terror, and severe emotional distress.

## COUNT VI
### Negligence – Wrongful Death
### High Adventure Air Charter, Inc.

66. Plaintiffs hereby incorporate by reference, as though fully set forth herein, the preceding count and further allege as follows:

67. This Count is brought pursuant to Alaska's Wrongful Death Statute, AK § 09.55.580.

68. As a direct and proximate result of one or more of these aforementioned acts or omissions, the Plaintiffs suffered damages as established under the Alaska Wrongful Death Statute, including but not limited to pecuniary loss including the decedent's net lifetime earnings.

## COUNT VII
### Negligence – Survival Act
### Soldotna Aircraft & Equipment Leasing, LLC

69. Plaintiffs plead this Count in the alternative and without prejudice to other claims.

70. Plaintiffs hereby incorporate by reference, as though fully set forth herein, all of the paragraphs above, and further allege as follows.

71. At all material times, defendant SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC owned the de Havilland DHC-2 Beaver (N4982U).

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

72. At all material times, defendant SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC, through its managers, members, agents, and employees, maintained certain operational control over the de Havilland DHC-2 Beaver (N4982U) utilized by defendant HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC. for Part 135 operations.

73. At all materials times, defendant HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC. and defendant SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC functioned as alter-egos of each other, with common ownership, common management and operations, interrelation of operations, and common staff.

74. Through this common ownership and enterprise, defendant SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC owed duties of care under both Alaska law and federal law, including the Federal Aviation Regulations, to operate in a reasonable safe manner the de Havilland DHC-2 Beaver.

75. Notwithstanding and in violation of these duties, defendant committed the following negligent acts and/or omissions:

   a. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.113, failed to comply with aircraft right-of-way;

   b. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.113(b), failed to see and avoid another aircraft;

   c. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.111, failed to maintain proper aircraft spacing;

   d. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.13, operated the aircraft in a careless and/or reckless manner;

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

e. Failed to properly use collision avoidance technology, including the use of ADS-B in addition to properly monitoring and utilizing radio with regard to position and traffic reporting.

76. Some of these acts and/or omissions of the defendant were committed in an outrageous manner and with reckless indifference to the rights of others.

77. Plaintiffs' decedent, as a passenger aboard an aircraft within the airspace of the United States, was in the class of persons intended to be protected by the above-referenced sections of the Federal Aviation Regulations (FARs). The above-referenced FARs were designed to protect from the harm of midair collisions. The violation of some or all of these federal regulations constitute negligence *per se* under Alaska law.

78. As a direct and proximate result of one or more of these aforementioned acts or omissions, the Plaintiffs' decedent KIRSTIN NICOLE WRIGHT suffered severe and ultimately fatal personal injuries and death, including but not limited to conscious pain and suffering, pre-impact terror, and severe emotional distress.

## COUNT VIIII
### Negligence – Wrongful Death
### Soldotna Aircraft & Equipment Leasing, LLC

79. Plaintiffs hereby incorporate by reference, as though fully set forth herein, the preceding count and further allege as follows:

80. This Count is brought pursuant to Alaska's Wrongful Death Statute, AK § 09.55.580.

81. As a direct and proximate result of one or more of these aforementioned acts or omissions, the Plaintiffs suffered damages as established under the Alaska Wrongful Death Statute, including but not limited to pecuniary loss including the decedent's net lifetime earnings.

## COUNT IX
### Negligence – Survival Act

## Estate of Gregory Bell

82. Plaintiffs hereby incorporate by reference, as though fully set forth herein, all of the paragraphs above, and further allege as follows.

83. This Count is brought pursuant to Alaska's Survival Act Statute, AK § 09.55.570.

84. On July 31, 2020, Gregory Bell owed duties of care under both Alaska law and federal law, including the Federal Aviation Regulations, to operate in a reasonable safe manner the de Havilland DHC-2 Beaver which he was flying.

85. Notwithstanding and in violation of these duties, defendant committed the following negligent acts and/or omissions:

   a. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.113, failed to comply with aircraft right-of-way;

   b. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.113(b), failed to see and avoid another aircraft;

   c. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.111, failed to maintain proper aircraft spacing;

   d. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.13, operated the aircraft in a careless and/or reckless manner;

   e. Failed to properly use collision avoidance technology, including the use of ADS-B in addition to properly monitoring and utilizing radio with regard to position and traffic reporting.

86. Some of these acts and/or omissions of the defendant were committed in an outrageous manner and with reckless indifference to the rights of others.

87. Plaintiffs' decedent, as a passenger aboard an aircraft within the airspace of the United States, was in the class of persons intended to be protected by the above-referenced

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com

sections of the Federal Aviation Regulations (FARs). The above-referenced FARs were designed to protect from the harm of midair collisions. The violation of some or all of these federal regulations constitute negligence *per se* under Alaska law.

88. As a direct and proximate result of one or more of these aforementioned acts or omissions, the Plaintiffs' decedent KIRSTIN NICOLE WRIGHT suffered severe and ultimately fatal personal injuries and death, including but not limited to conscious pain and suffering, pre-impact terror, and severe emotional distress.

## COUNT X
## Negligence – Wrongful Death
## Estate of Gregory Bell

89. Plaintiffs hereby incorporate by reference, as though fully set forth herein, the preceding count and further allege as follows:

90. This Count is brought pursuant to Alaska's Wrongful Death Statute, AK § 09.55.580.

91. As a direct and proximate result of one or more of these aforementioned acts or omissions, the Plaintiffs suffered damages as established under the Alaska Wrongful Death Statute, including but not limited to pecuniary loss including the decedent's net lifetime earnings.

## DAMAGES

92. Plaintiffs claim all damages according to proof at trial. The damages are well in excess of $75,000.00, which exceeds the minimum jurisdictional limits of the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For pecuniary and non-pecuniary damages;

2. For pre-death pain and suffering and emotional distress of Plaintiffs' decedent;

3. For lost earnings;

4. For other economic and non-economic damages;

6. For funeral/interment/transportation expenses;

7. For costs of suit incurred herein;

8. For punitive/exemplary damages where permissible and proved by the facts;

9. For attorneys' fees, costs, and expenses, as allowed;

10. For prejudgment interest as allowed; and

11. For such other and further relief as the Court may deem proper.

**PLAINTIFFS DEMAND TRIAL BY JURY**

By: _____
Attorneys for Plaintiffs

Amanda Harber
**49th State Law, LLC**
PO Box 661
Soldotna, AK 99669
(907) 420-4290
amanda@49thstatelaw.com

&

Matthew S. Sims *pro hac vice pending*
Melanie J. VanOverloop *pro hac vice pending*
**RAPOPORT WEISBERG & SIMS, P.C.**
20 North Clark St., Suite 3500
Chicago, IL 60602
Telephone: (312) 327-9880
Facsimile: (312) 327-9881

msims@rapoportlaw.com
mvanoverloop@rapoportlaw.com

&

Charles Hodge *pro hac vice pending*
**HODGE & LANGLEY LAW FIRM**
229 Magnolia Street
Spartanburg, SC 29306
Telephone: (874) 585-3873
CHodge@hodgelawfirm.com

**49th State Law LLC**
Amanda J. Harber, Esq.
PO Box 661, Soldotna, AK 99669
Phone: (907) 420 4290
amanda@49thstatelaw.com