Blaine D. Gilman, Esq.
Emily A.J. Hall, Esq.
Gilman & Pevehouse
130 South Willow, Suite 3
Kenai, Alaska 99611
Tel: (907) 283-2600
Fax: (907) 283-2009
Email: bdgilman@gilmanlawak.com
ejhall@gilmanlawak.com

Attorneys for Defendants, Helen Knopp, as Personal Representative
Of the Estate of Gary Knopp, deceased, Helen Knopp, individually
And G & H Construction

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHRISTOPHER JOEL WRIGHT and CYNTHIA ELAINE WRIGHT, as Co-Personal Representatives of the Estate of KIRSTIN NICOLE WRIGHT, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Helen Knopp, as Personal Representative Of The Estate Of Gary Knopp, deceased, Helen Knopp, individually and G & H Construction; High Adventure Air Charter Guides And Outfitters, Inc.; Soldotna Aircraft & Equipment Leasing, LLC; Cindy Lynn Rainey-Bell as Personal Representative of the Estate Of Gregory Bell,<br><br>Defendants. | Case No.: 3:21-cv-00049-JWS |
| Helen Knopp, Individually and as The Personal Representative of the Estate of Gary Knopp,<br><br>Cross-Complainants,<br><br>vs. | |

Amended Answer To First Amended Complaint And Cross Complaint, *Wright, et al. v. Knopp, et al.*,

|                                                      |   |
|------------------------------------------------------|---|
| High Adventure Air Charter Guides                    | ) |
| And Outfitters, Inc.; Cindy Lynn                     | ) |
| Rainey-Bell as Personal Representative               | ) |
| Of the Estate of Gregory Bell,                       | ) |
|                                                      | ) |
| Cross-Defendants.                                    | ) |

## AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY AND CROSS COMPLAINT

Defendants, Helen Knopp, as Personal Representative of the Estate of Gary Knopp, deceased; Helen Knopp, individually and G & H Construction ("answering defendants"), answer plaintiffs' first amended complaint for damages and demand for jury trial as follows:

## INTRODUCTION

1. With regard to paragraph 1 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

## SUBJECT MATTER JURISDICTION

2. With regard to paragraph 2 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hereby deny the same.

3. With regard to paragraph 3 of Plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

4. With regard to paragraph 4 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

5. With regard to paragraph 5 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

6. With regard to paragraph 6 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

7. With regard to paragraph 7 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hereby deny the same.

8. With regard to paragraph 8 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hereby deny the same.

9. With regard to paragraph 9 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hereby deny the same.

## IN PERSONAM JURISDICTION

10. With regard to paragraph 10 of plaintiffs' amended complaint, answering defendants admit "[t]he defendants, and each of them, are citizens of and engaged in substantial activities within Alaska". Answering defendants deny any further allegations contained therein.

11. With regard to paragraph 11 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

12. With regard to paragraph 12 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

## GENERAL ALLEGATIONS

13. With regard to paragraph 13 of plaintiffs' amended complaint, answering defendants admit that Gary Knopp owned, controlled, maintained, and operated a certain Piper PA-12 aircraft (N2587M). Answering defendants deny any further allegations contained therein.

14. With regard to paragraph 14 of plaintiffs' amended complaint, answering defendants admit that Gary Knopp owned and operated a for profit business doing business under the name "G & H Construction", performing general contractor work throughout the Kenai Peninsula and elsewhere. Answering defendants deny any further allegations contained therein.

15. With regard to paragraph 15 of plaintiffs' amended complaint, answering defendants admit that Gary Knopp owned a certain Piper PA-12 aircraft (N2587M). Answering defendants deny any further allegations contained therein.

16. With regard to paragraph 16 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

17. With regard to paragraph 17 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

18. With regard to paragraph 18 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

19. With regard to paragraph 19 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

20. With regard to paragraph 20 of plaintiffs' amended complaint, answering defendants admit that Gary Knopp saw an ophthalmologist in June 2014. Answering defendants further admit that at that visit, Gary Knopp's (confrontation) visual field were abnormally inferiorly in the right and left eyes. Answering defendants admit that Gary Knopp had an artificial lens in place in the right eye, and age-related changes in the left eye. Answering defendants deny any further allegations contained therein.

21. With regard to paragraph 21 of plaintiffs' amended complaint, answering defendants admit that Gary Knopp's most recent visual field testing too place on October 1, 2019. Answering

defendants admit that test results showed visual field deficits in both eyes, right worse than left. Answering defendants admits that the quoted language came from an NTSB report. Answering defendants deny any further allegations contained therein.

22. With regard to paragraph 22 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

23. With regard to paragraph 23 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

24. With regard to paragraph 24 of plaintiffs' amended complaint, answering defendants admit that the NTSB reported that post-morten toxicological testing was performed by the FAA Forensic Sciences Laboratory, which detected ethanol in Gary Knopp's muscle at 0.011 grams per deciliter (g/uL). Answering defendants deny any further allegations contained therein.

25. With regard to paragraph 25 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

26. With regard to paragraph 26 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

27. With regard to paragraph 27 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

28. With regard to paragraph 28 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

29. With regard to paragraph 29 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600  FAX (907) 283-2009

30. With regard to paragraph 30 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

31. With regard to paragraph 31 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

32. With regard to paragraph 32 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

33. With regard to paragraph 33 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hereby deny the same.

34. With regard to paragraph 34 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hereby deny the same.

35. With regard to paragraph 33 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hereby deny the same.

36. With regard to paragraph 36 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hereby deny the same.

37. With regard to paragraph 37 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hereby deny the same.

38. With regard to paragraph 33 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

## July 31, 2020 Midair Collision

39. With regard to paragraph 39 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

40. With regard to paragraph 40 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

41. With regard to paragraph 41 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

42. With regard to paragraph 42 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

43. With regard to paragraph 43 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

44. With regard to paragraph 44 of f plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

45. With regard to paragraph 40 of plaintiffs' amended complaint, answering defendants admit that plaintiffs' decedent died as a result of the mid-air collision. Answering defendants deny any further allegations contained therein.

## COUNT I
### Negligence-Survival Act
### Estate of Gary Knopp

46. With regard to paragraph 41 of plaintiffs' amended complaint, answering defendants incorporate by reference their answers in paragraphs 1 – 45 as if fully set forth herein.

47. With regard to paragraph 47 of plaintiffs' amended complaint, the allegation is a legal conclusion and does not require an answer.

48. With regard to paragraph 48 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

49. With regard to paragraph 49 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

50. With regard to paragraph 50 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

51. With regard to paragraph 46 of plaintiffs' amended complaint, the allegations are a legal conclusion and does not require an answer.

52. With regard to paragraph 52 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

### COUNT II
### Negligence – Wrongful Death
### Estate of Gary Knopp

53. With regard to paragraph 53 of plaintiffs' amended complaint, answering defendants incorporate by reference their answers in paragraphs 1 – 53 as if fully set forth herein.

54. With regard to paragraph 54 of plaintiffs' amended complaint, the allegation is a legal conclusion and does not require an answer.

55. With regard to paragraph 55 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

### COUNT III
### Negligence – Survival Act
### Helen Knopp

56. With regard to paragraph 56 of plaintiffs' amended complaint, answering defendants admit that at all material times Helen Knopp was the wife of Gary Knopp residing together. Answering defendants deny any further allegations contained therein.

57. With regard to paragraph 57 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

58. With regard to paragraph 58 of plaintiffs' amended complaint, answering defendants deny the allegation contained therein.

59. With regard to paragraph 59 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

60. With regard to paragraph 60 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

61. With regard to paragraph 61 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

62. With regard to paragraph 62 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

63. With regard to paragraph 63 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

64. With regard to paragraph 64 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

65. With regard to paragraph 65 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

### COUNT IV
### Negligence – Wrongful Death
### Helen Knopp

66. With regard to paragraph 66 of plaintiffs' amended complaint, answering defendants incorporate by reference their answers in paragraphs 1 – 65 as if fully set forth herein.

67. With regard to paragraph 67 of plaintiffs' amended complaint, the allegation is a legal conclusion and does not require a response.

68. With regard to paragraph 68 of plaintiffs' amended complaint, answering defendants deny the allegations contained therein.

## COUNT V
### Negligence – Survival Act
### High Adventure Air Charter, Inc.

69. With regard to paragraph 69 of plaintiffs' amended complaint, answering defendants incorporate by reference their answers in paragraphs 1 – 68 as if fully set forth herein.

70. With regard to paragraph 70 of plaintiffs' amended complaint, the allegation is a legal conclusion and does not require a response.

71. With regard to paragraph 71 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

72. With regard to paragraph 72 of plaintiffs' amended complaint, answering defendants admit the allegations contained therein.

73. With regard to paragraph 73 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

74. With regard to paragraph 74 of plaintiffs' amended complaint, the allegations are a legal conclusion and do not require a response.

75. With regard to paragraph 75 of plaintiffs' amended complaint, answering defendants admit that Plaintiffs' decedent died as a direct and proximate result of the mid-air collision. Answering defendants deny any further allegations contained therein.

## COUNT VI
### Negligence – Wrongful Death
### High Adventure Air Charter, Inc.

76. With regard to paragraph 76 of plaintiffs' amended complaint, answering defendants incorporate by reference their answers in paragraphs 1 – 76 as if fully set forth herein.

77. With regard to paragraph 77 of plaintiffs' amended complaint, the allegation is a legal conclusion and does not require a response.

78. With regard to paragraph 78 of plaintiffs' amended complaint, answering defendants admit that the Plaintiffs suffered damages as a direct and proximate result of the acts or omissions of Defendant, High Adventure Air Charter, Inc. Answering defendants deny any further allegations contained therein.

## COUNT VII
### Negligence – Survival Act
### Soldotna Aircraft & Equipment Leasing, LLC

79. With regard to paragraph 79 of plaintiffs' amended complaint, the allegation does not require a response.

80. With regard to paragraph 80 of plaintiffs' amended complaint, answering defendants incorporate by reference their answers in paragraphs 1 – 79 as if fully set forth herein.

81. With regard to paragraph 81 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

82. With regard to paragraph 82 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

83. With regard to paragraph 83 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

84. With regard to paragraph 84 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

85. With regard to paragraph 85 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

86. With regard to paragraph 86 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

87. With regard to paragraph 87 of plaintiffs' amended complaint, the allegations are a legal conclusion and do not require a response.

88. With regard to paragraph 88 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

### COUNT VIIII
**Negligence – Wrongful Death**
**Soldotna Aircraft & Equipment Leasing, LLC**

89. With regard to paragraph 89 of plaintiffs' amended complaint, answering defendants incorporate by reference their answers in paragraphs 1 – 88 as if fully set forth herein.

90. With regard to paragraph 90 of plaintiffs' amended complaint, the allegation is a legal conclusion and does not require a response.

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600  FAX (907) 283-2009

91. With regard to paragraph 91 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## COUNT IX
### Negligence – Survival Act
### Estate of Gregory Bell

92. With regard to paragraph 92 of plaintiffs' amended complaint, answering defendants incorporate by reference their answers in paragraphs 1 – 91 as if fully set forth herein.

93. With regard to paragraph 93 of plaintiffs' amended complaint, the allegation is a legal conclusion and does not require a response.

94. With regard to paragraph 94 of plaintiffs' amended complaint, answering defendants admits the allegations contained therein.

95. With regard to paragraph 95 of plaintiffs' amended complaint, answering defendants admits the allegations contained therein.

96. With regard to paragraph 96 of plaintiffs' amended complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

97. With regard to paragraph 93 of plaintiffs' amended complaint, the allegations are a legal conclusion and do not require a response.

98. With regard to paragraph 94 of plaintiffs' amended complaint, answering defendants admit that Plaintiffs' decedents died as a direct and proximate result of the mid-air collision. Answering defendants deny any further allegations contained therein.

## COUNT X
### Negligence – Wrongful Death
### Estate of Gregory Bell

99. With regard to paragraph 99 of plaintiffs' amended complaint, answering defendants incorporate by reference their answers in paragraphs 1 – 98 as if fully set forth herein.

100. With regard to paragraph 100 of plaintiffs' amended complaint, the allegation is a legal conclusion and does not require a response.

101. With regard to paragraph 101 of plaintiffs' amended complaint, answering defendants admit that the Plaintiffs suffered damages as a direct and proximate result of the acts or omissions of decedent, Gregory Bell. Answering defendants deny any further allegations contained therein.

## DAMAGES

102. With regard to paragraph 102 of plaintiffs' amended complaint, answering defendants admit that the damages, if any, will be in excess of $75,000.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

By way of further answer and by way of further affirmative defenses, answering defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' first amended complaint fail to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' damages were caused, in whole or in part, by defendants, High Adventure Air Charter Guides and Outfitters, Inc., Soldotna Aircraft & Equipment Leasing, LLC, and the decedent Gregory Bell. Answering defendants are entitled to apportionment of damages under AS

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600   FAX (907) 283-2009

09.17.080. Under AS 09.17.080, an equitable share of any damages awarded to Plaintiffs shall be apportioned between defendants.

### THIRD AFFIRMATIVE DEFENSE

Answering defendants reserve the right to assert whatever other affirmative defenses that may become available as discovery progresses.

### CROSS COMPLAINT

COME NOW cross complainants, Helen Knopp, Individually and as the Personal Representative of the Estate of Gary Knopp, by and through Gilman & Pevehouse and hereby state and allege against cross defendants, High Adventure Air Charter Guides and Outfitters, Inc. and the Estate Of Gregory Bell, as follows:

102. Cross complainants, Helen Knopp ("Helen") is a resident of the State of Alaska and is the Personal Representative of the Estate of Gary Knopp ("Estate"). The Estate was created pursuant to the laws of the State of Alaska.

103. Cross defendant, High Adventure Air Charter Guides And Outfitters, Inc. is an Alaska corporation with its principal place of business in Alaska.

104. Cross defendant, Cindy Lynn Rainey-Bell is a resident of the State of Alaska and is the Personal Representative of the Estate of Gregory Bell. The Estate of Bell was created pursuant to the laws of the State of Alaska.

105. Based on information and belief, Plaintiff's decedent Kirstin Nicole Wright was a resident of the State of South Carolina. Christoper Joel Wright and Cynthia Elaine Wright were appointed as Personal Representative of plaintiff's estate.

106. Venue and jurisdiction are proper in the United States District Court for the State of Alaska.

Amended Answer To First Amended Complaint And Cross Complaint, Page 15 of 19
Wright, et al. v. Knopp, et al.,  Case No: 3:21-cv-00049-JWS

## I. GENERAL ALLEGATIONS

107. At all material times, the decedent, Gregory Bell, was acting as an owner, agent, employee, and/or servant of High Adventure Air Charter Guides And Outfitters, Inc. operating the de Havilland DHC-2 within the scope of his agency with High Adventure Air Charter Guides And Outfitters, Inc.

108. At all material times, the plaintiff's decedent, Kirstin Nicole Wright was a passenger in a de Havilland DHC-2 Beaver piloted by decedent Gregory Bell within his scope of agency with High Adventure Air Charter Guides And Outfitters, Inc.

## II. NEGLIGENCE AND APPORTIONMENT UNDER AS 09.17.080

109. Cross complainants incorporate by reference paragraphs 102 – 108 of this Cross Complaint as if fully set forth herein.

110. On July 31, 2020, High Adventure Air Charter Guides And Outfitters, Inc. and decedent Gregory Bell owed duties of care to operate in a reasonable safe manner the de Havilland DHC-2 Beaver which it was flying.

111. High Adventure Air Charter Guides And Outfitters, Inc. and decedent Gregory Bell acted in a negligent manner in the way it operated and maintained the de Havilland DHC-2 Beaver resulting in the midair collision taking place on July 31, 2020.

112. As a direct and proximate result of High Adventure Air Charter Guides And Outfitters, Inc.'s and decedent Gregory Bell's negligence, plaintiff suffered damages.

113. Under AS 09.17.080, an equitable share of any damages awarded to plaintiffs shall be apportioned between cross complainants and cross defendants in accordance with their respective percentages of fault determined by the court or jury.

## III. NEGLIGENCE – SURVIVAL ACT

114. Cross complainants incorporate by reference paragraphs 102 - 113 of this Cross Complaint as if fully set forth herein.

115. This Count is brought pursuant to Alaska Survival Act Statute, AK § 09.55.570.

116. On July 31, 2020, decedent Gregory Bell and cross defendant, High Adventure Air Charter Guides And Outfitters, Inc., owed duties of care under both Alaska law and federal law, including the Federal Aviation Regulations, to operate in a reasonable safe manner the de Havilland DHC-2 Beaver.

117. Cross defendants, High Adventure Air Charter Guides And Outfitters, Inc. and decedent Gregory Bell, acted in a negligent manner in the way it/he operated and maintained the de Havilland DHC-2 Beaver resulting in the midair collision taking place on July 31, 2020.

118. As a direct and proximate result of the negligence of cross defendants, decedent Gary Knopp suffered severe and ultimately fatal personal injuries and death, including but not limited to conscious pain and suffering, preimpact terror, and severe emotional distress.

119. Cross Complainants are only seeking the limits of the insurance protection of cross defendants. These limits are in excess of $1,000,000.

## IV. WRONGFUL DEATH

120. Cross Complainants incorporate by reference paragraphs 102 - 119 of this Cross Complaint as if fully set forth herein.

121. This Count is brought pursuant to Alaska's Wrongful Death Statute, AK § 09.55.580.

122. As a direct and proximate result of the negligence of the cross defendants, the cross complainants suffered damages as established under the Alaska Wrongful Death Statute, including but not limited to pecuniary loss including the decedent's net lifetime earnings.

123. Cross complainants are only seeking the limits of the insurance protection of cross defendants. These limits are in excess of $1,000,000.

**PRAYER**

WHEREFORE, having answered the plaintiff's complaint, answering defendants pray that the same be dismissed with prejudice; that plaintiff takes nothing from answering defendants;

FURTHER, if the court determines that plaintiff is entitled to damages from answering defendants, answering defendants pray that these damages be apportioned between cross complainants and cross defendants in accordance with their respective percentages of fault.

FINALLY, cross complainants pray for judgment against cross defendants as follows:

1. For pecuniary and non-pecuniary damages;

2. For pre-death pain and suffering and emotional distress of decedent Gary Knopp;

3. For lost earnings;

4. For other economic and non-economic damages;

5. For attorneys' fees and costs; and

6. For such other and further relief as the Court may deem proper.

Dated this 15th day of April, 2021.

        Gilman & Pevehouse
        Attorneys for Defendants And Cross Complainants

        /s/ Blaine D. Gilman
        Blaine D. Gilman, ABA #: 8611112

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600   FAX (907) 283-2009

**CERTIFICATE OF SERVICE**

I certify that on the 15th day of April, 2021
a true and correct copy of the foregoing was
electronically served to the following counsel
of record:

Amanda Harber, Esq.
amanda@49thstatelaw.com

Matthew S. Sims, Esq
Melanie J. VanOverloop, Esq.
Rapoport Weisberg & Sims
msims@rapoportlaw.com
mvanoverloop@rapoportlaw.com

Charles Hodge, Esq.
chodge@hodgelawfirm.com

Brent R. Cole, Esq.
Law Offices of Brent R. Cole
brent@woelbercole.com


/s/ Rebecca Gilman
Rebecca Gilman

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600  FAX (907) 283-2009

Amended Answer To First Amended Complaint And Cross Complaint,  Page **19** of **19**
*Wright, et al. v. Knopp, et al.,*  Case No: 3:21-cv-00049-JWS