Amanda Harber, AK #1011119
**49th State Law LLC**
PO Box 661
Soldotna, AK 99669
Tel: (907) 420-4290
Fax: (907) 308-6685
Email: amanda@49thstatelaw.com

Matthew S. Sims, *admitted pro hac vice*
**RAPOPORT WEISBERG & SIMS, P.C.**
20 North Clark St., Suite 3500
Chicago, IL 60602
Telephone: (312) 327-9880
Facsimile: (312) 327-9881
msims@rapoportlaw.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA
## ANCHORAGE DIVISION

| | |
|---|---|
| CHRISTOPHER JOEL WRIGHT and CYNTHIA ELAINE WRIGHT, as Co-Personal Representatives of the Estate of KIRSTIN NICOLE WRIGHT, deceased<br><br>*Plaintiffs*,<br><br>vs.<br><br>HELEN KNOPP, as Personal Representative of the ESTATE OF GARY KNOPP, deceased; HELEN KNOPP, individually and d/b/a G & H CONSTRUCTION; HIGH ADVENTURE AIR CHARTER GUIDES AND OUTFITTERS, INC.; SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC; CINDY LYNN RAINEY-BELL as Personal Representative of the ESTATE OF GREGORY BELL,<br><br>*Defendants*. | CASE NO.: 3:21-cv-00049<br><br>**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE** |

1

Plaintiffs CHRISTOPHER JOEL WRIGHT and CYNTHIA ELAINE WRIGHT, as Co-Personal Representatives of the Estate of KIRSTIN NICOLE WRIGHT, deceased by and through their attorneys, RAPOPORT WEISBERG & SIMS, P.C., the HODGE & LANGLEY LAW FIRM, and 49TH STATE LAW, LLC and move this Court to consolidate the instant matter and *Hulsey, et al. v. Knopp, et al.* 3:21-cv-00051-JWS. In support thereof, Plaintiffs state as follows:

1. This lawsuit (hereinafter "the *Wright* lawsuit") and the *Hulsey, et al. v. Knopp, et al.* lawsuit (hereinafter "the *Hulsey* lawsuit") both arise out of the same Kenai Peninsula mid-air collision that took place approximately above Soldotna, Alaska on July 31, 2020.

2. The decedents in both lawsuits were all South Carolina passengers aboard one of the aircraft involved in the midair collision.

3. Both the *Wright* lawsuit and the *Hulsey* lawsuit name the exact same defendants.

4. Both the *Wright* lawsuit and the *Hulsey* lawsuit state the exact same causes of action.

5. Both the *Wright* lawsuit and the *Hulsey* state nearly identical factual allegations.

6. Both the *Wright* lawsuit and the *Hulsey* were filed on the same day and are at the exact same procedural and discovery stage.

7. Consolidation of separate matters is governed by Federal Rule of Civil Procedure 42(a), which provides:

(a) CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may:

    (1) join for hearing or trial any or all matters at issue in the actions;

    (2) consolidate the actions; or

    (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a).

8. The purpose of Rule 42(a) is "to prevent . . . unnecessary duplication of effort in related cases." *EEOC v. G-K-G, Inc*. 39 F.3d 740, 745 (7th Cir. 1994); *see also* 8 Moore's Federal Practice – Civil § 42.10[4][b](2021) (explaining courts "are likely to embrace [consolidation where it will] achieve significant savings of time or avoid serious duplication of effort.") .

9. The main question a court must address is whether there are common questions of law or fact. *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). A reviewing court then must "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984); *see also* 8 *Moore's Federal Practice* – Civil § 42.10 ("The articulated standard for consolidating two or more cases is simply that they involve 'a common question of law or fact.'").

10. The Court need *not* find that common questions of law or fact predominate, only that they exist and that consolidation can prove beneficial. 8 *Moore's Federal Practice* – Civil § 42.10[1][a].

11. Consolidation under Rule 42(a) is left to the "broad discretion" of the district courts. *Investors Research, Co. v. United States Dist. Court*, 877 F.2d 777 (9th Cir. 1989).

12. Frequently, actions that are consolidated are of a "like nature", such as actions arising out of the same accident. *See e.g. In re Air Crash Disaster at Detroit Metro. Airport,* 737 F. Supp. 391, 392-395 (E.D. Mich. 1989)(156 individual cases consolidated for trial as result of crash of Northwest Flight 255); *see also In re: Ethiopian Airlines Flight ET 302 Crash,* 1:19-cv-02170, D.E. 35 (N.D. Ill. May 22, 2019)(consolidating all individual related actions related to the crash of Ethiopian Airlines Flight 302). Cases arising out of a single catastrophic incident offer a fitting subject for consolidation. 8 *Moore's Federal Practice* - Civil § 42.10 (2021)(collecting cases). In such cases, it has been routinely found that each plaintiff's claims share core questions of fact or law. *Id.*

13. Both the *Wright* lawsuit and the *Hulsey* lawsuit would benefit from consolidation. Consolidation would save time and effort both by avoiding duplicative discovery, trials, and potentially inconsistent results. There would be no prejudice or delay associated with consolidation, especially at these early phases of the lawsuits.

14. Plaintiffs' counsel has met and conferred with counsel for all parties, including counsel for the Plaintiffs in the *Hulsey* lawsuit and <u>all parties</u> in both lawsuits are in agreement that the *Wright* lawsuit and the *Hulsey* lawsuit should be consolidated.

15. A proposed order is attached as "Exhibit 1".

WHEREFORE, Plaintiffs pray the *Wright* lawsuit and the *Hulsey* lawsuit be consolidated pursuant to Rule 42(a).

                By:    <u>/s Matthew S. Sims</u>
                          Attorneys for Plaintiffs

Amanda Harber
**49th State Law, LLC**
PO Box 661
Soldotna, AK 99669
(907) 420-4290
amanda@49thstatelaw.com

&

Matthew S. Sims, *admitted pro hac vice*
**RAPOPORT WEISBERG & SIMS, P.C.**
20 North Clark St., Suite 3500
Chicago, IL 60602
Telephone: (312) 327-9880
Facsimile: (312) 327-9881
msims@rapoportlaw.com

&

Charles Hodge, *pro hac vice pending*
**HODGE & LANGLEY LAW FIRM**
229 Magnolia Street
Spartanburg, SC 29306
Telephone: (874) 585-3873
CHodge@hodgelawfirm.com

5

## **CERTIFICATE OF SERVICE**

I certify that on the 4th day of May, 2021, a true and correct copy of the foregoing was served to all counsel of record in the above-referenced matter through the ECF, and was electronically served on all counsel of record in *Hulsey, et al. v. Knopp, et al.* 3:21-cv-00051-JWS

/s Matthew S. Sims

6

Case 3:21-cv-00049-JWS   Document 16   Filed 05/04/21   Page 6 of 6