Brent R. Cole, Esq.
Law Office of Brent R. Cole, P.C.
staff@akcolelaw.com
brent@akcolelaw.com
Attorneys for High Adventures Air Charter Guides and Outfitters, Inc.,
Soldotna Aircraft and Equipment Leasing, LLC, and the Cindy Lynn
Rainey-Bell as Personal Representative of the Estate of Gregory Bell

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CHRISTOPHER JOEL WRIGHT and CYNTHIA ELAINE WRIGHT, as Co-Personal Representatives of the Estate of KIRSTIN NICOLE WRIGHT, deceased<br><br>Plaintiffs,<br><br>vs.<br><br>HELEN KNOPP, as Personal Representative of the ESTATE OF GARY KNOPP, deceased; HELEN KNOPP, individually and d/b/a G & H CONSTRUCTION; HIGH ADVENTURES AIR CHARTER GUIDES AND OUTFITTERS, INC.; SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC; CINDY LYNN RAINEY-BELL as Personal Representative of the ESTATE OF GREGORY BELL,<br><br>Defendants. | Case No.: 3:21-cv-00049-JWS |

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**COMES NOW** Defendants High Adventures Air Charter Guides and Outfitters,

Inc., Soldotna Aircraft & Equipment Leasing, LLC, and Cindy Lynn Rainey-Bell as

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS
Page 1 of 23
Case 3:21-cv-00049-JWS   Document 19   Filed 05/13/21   Page 1 of 23

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

Personal Representative of the Estate of Gregory Bell ("Defendants") by and through counsel, the Law Firm of Brent R. Cole, P.C., and for their answer to Plaintiffs' first amended complaint state as follows:

## INTRODUCTION

1.     Answering Defendants admit the allegations contained in Paragraph 1 of the Plaintiffs' first amended complaint.

## SUBJECT MATTER JURISDICTION

2.     Answering Defendants are without knowledge to either admit or deny the allegations contained in Paragraph 2 of the Plaintiffs' first amended complaint, and therefore, deny the same.

3.     Answering Defendants are without knowledge to either admit or deny the allegations contained in Paragraph 3 of the Plaintiffs' first amended complaint, and therefore, deny the same.

4.     Answering Defendants are without knowledge to either admit or deny the allegations contained in Paragraph 4 of the Plaintiffs' first amended complaint, and therefore, deny the same.

5.     Answering Defendants deny the allegations contained in Paragraph 5 of the Plaintiffs' first amended complaint.  Answering Defendants admit that High Adventures Air Charter Guides and Outfitters, Inc. is an Alaska corporation with its principal place of business in Alaska.

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS
Page 2 of 23
Case 3:21-cv-00049-JWS   Document 19   Filed 05/13/21   Page 2 of 23

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

6.     Answering Defendants admit the allegations contained in Paragraph 6 of the Plaintiffs' first amended complaint.

7.     Answering Defendants admit the allegations contained in Paragraph 7 of the Plaintiffs' first amended complaint.

8.     Answering Defendants admit the allegations contained in Paragraph 8 of the Plaintiffs' first amended complaint.

9.     Answering Defendants admit the allegations contained in Paragraph 9 of the Plaintiffs' first amended complaint.

## IN PERSONAM JURISDICTION

10.     Answering Defendants admit "the Defendants, and each of them are citizens of and engaged in substantial activities within Alaska, and each of them are citizens of and engaged in substantial activities within Alaska" as alleged in Paragraph 10 of the Plaintiffs' first amended complaint.  Answering Defendants deny any other allegations contained therein.

11.     Answering Defendants admit the allegations contained in Paragraph 11 of the Plaintiffs' first amended complaint.

12.     Answering Defendants admit the allegations contained in Paragraph 12 of the Plaintiffs' first amended complaint.

## GENERAL ALLEGATIONS

13.     The allegations contained in Paragraph 13 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

Answering Defendants is required. To the extent an answer is required, Answering Defendants admit Gary Knopp owned, controlled, maintained, and operated a certain Piper PA-12 aircraft (N2587M) but are without knowledge to either admit or deny the remaining allegations contained in Paragraph 13 of the Plaintiffs' first amended complaint, and therefore, deny the same.

14. The allegations contained in Paragraph 14 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required. To the extent an answer is required, Answering Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 14 of the Plaintiffs' first amended complaint, and therefore, deny the same.

15. The allegations contained in Paragraph 15 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required. To the extent an answer is required, Answering Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 15 of the Plaintiffs' first amended complaint, and therefore, deny the same.

16. The allegations contained in Paragraph 16 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required. To the extent an answer is required, Answering Defendants acknowledge these facts were reported by the NTSB, and based on that report,

Answering Defendants admit the allegations contained therein.

17.    The allegations contained in Paragraph 17 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.    To the extent an answer is required, Answering Defendants acknowledge these facts were reported by the NTSB, and based on that report, Answering Defendants admit the allegations contained therein.

18.    The allegations contained in Paragraph 18 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.    To the extent an answer is required, Answering Defendants acknowledge these facts were reported by the NTSB, and based on that report, Answering Defendants admit the allegations contained therein.

19.    The allegations contained in Paragraph 19 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.    To the extent an answer is required, Answering Defendants acknowledge these facts were reported by the NTSB, and based on that report, Answering Defendants admit the allegations contained therein.

20.    The allegations contained in Paragraph 20 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.    To the extent an answer is required, Answering Defendants acknowledge these facts were reported by the NTSB, and based on that report, Answering Defendants admit the allegations contained therein.

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS
Page 5 of 23
Case 3:21-cv-00049-JWS    Document 19    Filed 05/13/21    Page 5 of 23

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

21.     The allegations contained in Paragraph 21 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.   To the extent an answer is required, Answering Defendants acknowledge these facts were reported by the NTSB, and based on that report, Answering Defendants admit the allegations contained therein.

22.     The allegations contained in Paragraph 22 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.   To the extent an answer is required, Answering Defendants acknowledge these facts were reported by the NTSB, and based on that report, Answering Defendants admit the allegations contained therein.

23.     The allegations contained in Paragraph 23 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.   To the extent an answer is required, Answering Defendants acknowledge these facts were reported by the NTSB, and based on that report, Answering Defendants admit the allegations contained therein.

24.     The allegations contained in Paragraph 24 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.   To the extent an answer is required, Answering Defendants acknowledge these facts were reported by the NTSB, and based on that report, Answering Defendants admit the allegations contained therein.

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS
Page 6 of 23
Case 3:21-cv-00049-JWS   Document 19   Filed 05/13/21   Page 6 of 23

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

25.     Answering Defendants admit that High Adventures Air Charter Guides and Outfitters, Inc. was an FAA registered Part 135 commercial operator and common carrier, providing on-demand charter operations with two leased de Havilland DHC-2 Beavers including N4982U and owed a duty of care to passengers aboard its aircraft as alleged in Paragraph 25. Answering Defendants deny any other allegations contained therein.

26.     Answering Defendants admit the allegations contained in Paragraph 26 of the Plaintiffs' first amended complaint.

27.     Answering Defendants deny the allegations contained in Paragraph 27 of the Plaintiffs' first amended complaint.

28.     Answering Defendants deny the allegations contained in Paragraph 28 of the Plaintiffs' first amended complaint.

29.     The allegations contained in Paragraph 29 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required. To the extent an answer is required, Answering Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 29 of the Plaintiffs' first amended complaint, and therefore, deny the same.

30.     The allegations contained in Paragraph 30 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required. To the extent an answer is required, Answering

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS
Page 7 of 23
Case 3:21-cv-00049-JWS   Document 19   Filed 05/13/21   Page 7 of 23

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

Defendants admit the allegations contained in Paragraph 30 of the Plaintiffs' first amended complaint.

31. Answering Defendants admit Gregory Bell was acting as an employee of High Adventures Air Charter Guides and Outfitters, Inc. operating the leased de Havilland Beaver N4982U within the scope of his employment as alleged in Paragraph 31 of the Plaintiffs' first amended complaint. Answering Defendants deny the remaining allegations.

32. Answering Defendants admit that during the subject flight Gregory Bell was piloting and navigating the leased de Havilland DHC-2 Beaver, and under Federal Aviation Regulations was the Pilot-In-Command, in charge of safely operating the subject flight and owed a duty of care to the passengers aboard his aircraft as alleged in Paragraph 32. Answering Defendants deny the remaining allegations contained therein.

33. Answering Defendants admit the allegations contained in Paragraph 33 of the Plaintiffs' first amended complaint.

34. Answering Defendants deny the allegations contained in Paragraph 34 of the Plaintiffs' first amended complaint.

35. Answering Defendants deny the allegations contained in Paragraph 35 of the Plaintiffs' first amended complaint.

36. Answering Defendants deny the allegations contained in Paragraph 36 of the Plaintiffs' first amended complaint.

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS
Page 8 of 23
Case 3:21-cv-00049-JWS   Document 19   Filed 05/13/21   Page 8 of 23

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

37.     Answering Defendants deny the allegations contained in Paragraph 37 of the Plaintiffs' first amended complaint.

38.     Answering Defendants admit the allegations contained in Paragraph 38 of the Plaintiffs' first amended complaint.

## July 31, 2020 Midair Collision

39.     Answering Defendants admit the allegations contained in Paragraph 39 of the Plaintiffs' first amended complaint.

40.     The allegations contained in Paragraph 40 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.  To the extent an answer is required, Answering Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 40 of the Plaintiffs' first amended complaint, and therefore, deny the same.

41.     Answering Defendants admit the allegations contained in Paragraph 41 of the Plaintiffs' first amended complaint.

42.     Answering Defendants admit the allegations contained in Paragraph 42 of the Plaintiffs' first amended complaint.

43.     Answering Defendants admit the allegations contained in Paragraph 43 of the Plaintiffs' first amended complaint.

44.     Answering Defendants admit the allegations contained in Paragraph 44 of the Plaintiffs' first amended complaint.

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS
Page 9 of 23
Case 3:21-cv-00049-JWS   Document 19   Filed 05/13/21   Page 9 of 23

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

45.     Answering Defendants admit Plaintiffs' decedent died as a result of the mid-air collision of the two aircraft as alleged in Paragraph 45 of the Plaintiffs' first amended complaint. Answering Defendants deny the remaining allegations contained therein.

## <u>COUNT I</u>
### Negligence-Survival Act
### Estate of Gary Knopp

46.     Answering Defendants incorporate by reference as though fully set forth herein, all its answers to the allegations contained in Paragraphs 1-45 of the Plaintiffs' first amended complaint.

47.     The allegations contained in Paragraph 47 constitute a legal conclusion for which no answer is required.

48.     The allegations contained in Paragraph 48 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.  To the extent an answer is required, Answering Defendants admit the allegations therein.

49.     The allegations contained in Paragraph 49 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.  To the extent an answer is required, Answering Defendants admit the allegations therein.

50.     The allegations contained in Paragraph 50 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.  To the extent an answer is required, Answering

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 50 of the Plaintiffs' first amended complaint, and therefore, deny the same.

51.     The allegations contained in Paragraph 51 constitute a legal conclusion for which no answer is required.

52.     Answering Defendants admit Plaintiffs' decedent died as a result of the mid-air collision of the two aircraft as alleged in Paragraph 52 of the Plaintiffs' first amended complaint. Answering Defendants are without knowledge to either admit or deny the remaining allegations and therefore deny the same.

## COUNT II
### Negligence—Wrongful Death
### Estate of Gary Knopp

53.     Answering Defendants incorporate by reference as though fully set forth herein, all its answers to the allegations contained in Paragraphs 1-52 of the Plaintiffs' first amended complaint.

54.     The allegations contained in Paragraph 54 constitute a legal conclusion for which no answer is required.

55.     The allegations contained in Paragraph 55 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.  To the extent an answer is required, Answering Defendants are without knowledge to admit or deny the allegations, and therefore deny the same.

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS
Page 11 of 23
Case 3:21-cv-00049-JWS   Document 19   Filed 05/13/21   Page 11 of 23

56.     Answering Defendants incorporate by reference as though fully set forth herein, all its answers to the allegations contained in Paragraphs 1-54 of the Plaintiffs' first amended complaint.

57.     The allegations contained in Paragraph 57 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.  To the extent an answer is required, Answering Defendants are without knowledge to admit or deny the allegations, and therefore deny the same.

58.     The allegations contained in Paragraph 58 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.  To the extent an answer is required, Answering Defendants are without knowledge to admit or deny the allegations, and therefore deny the same.

59.     The allegations contained in Paragraph 59 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.  To the extent an answer is required, Answering Defendants are without knowledge to admit or deny the allegations, and therefore deny the same.

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

60.     The allegations contained in Paragraph 60 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.   To the extent an answer is required, Answering Defendants are without knowledge to admit or deny the allegations, and therefore deny the same.

61.     The allegations contained in Paragraph 61 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.   To the extent an answer is required, Answering Defendants are without knowledge to admit or deny the allegations, and therefore deny the same.

62.     The allegations contained in Paragraph 62 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.   To the extent an answer is required, Answering Defendants are without knowledge to admit or deny the allegations, and therefore deny the same.

63.     The allegations contained in Paragraph 63 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required.   To the extent an answer is required, Answering Defendants are without knowledge to admit or deny the allegations, and therefore deny the same.

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

64. The allegations contained in Paragraph 64 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required. To the extent an answer is required, Answering Defendants are without knowledge to admit or deny the allegations, and therefore deny the same.

65. The allegations contained in Paragraph 65 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required. To the extent an answer is required, Answering Defendants are without knowledge to admit or deny the allegations, and therefore deny the same.

## COUNT IV
### Negligence: Wrongful Death
### Helen Knopp

66. Answering Defendants incorporate by reference as though fully set forth herein, all its answers to the allegations contained in Paragraphs 1-65 of the Plaintiffs' first amended complaint.

67. The allegations contained in Paragraph 67 constitute a legal conclusion for which no answer is required.

68. The allegations contained in Paragraph 68 of the Plaintiffs' first amended complaint are directed toward another Defendant and therefore, no response from Answering Defendants is required. To the extent an answer is required, Answering

Defendants are without knowledge to admit or deny the allegations, and therefore deny the same.

## COUNT V
### Negligence: Survival Act
### High Adventures Air Charter Guides and Outfitters, Inc.

69. Answering Defendants incorporate by reference as though fully set forth herein, all its answers to the allegations contained in Paragraphs 1-68 of the Plaintiffs' first amended complaint.

70. The allegations contained in Paragraph 70 constitute a legal conclusion for which no answer is required.

71. Answering Defendants deny the allegations contained in Paragraph 71 of the Plaintiffs' first amended complaint. Answering Defendants admit that on July 31, 2020, High Adventures Air Charter Guides and Outfitters, Inc. owed duties of care under both Alaska law and federal law, including the Federal Aviation Regulations, to operate in a reasonable same manner the leased de Havilland DHC-2 Beaver which it was flying.

72. Answering Defendants deny the allegations contained in Paragraph 72 of the Plaintiffs' first amended complaint.

73. Answering Defendants deny the allegations contained in Paragraph 73 of the Plaintiffs' first amended complaint.

74. The allegations contained in Paragraph 74 constitute a legal conclusion for which no answer is required. Answering Defendants deny any violation of the Federal Aviation Regulations.

Answer to Plaintiffs' First Amended Complaint
_Wright v. Knopp, et al._; 3:21-cv-00049-JWS
Page 15 of 23

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

75.     Answering Defendants deny the allegations contained in Paragraph 75 of the Plaintiffs' first amended complaint.

## COUNT VI
### Negligence:  Wrongful Death
### High Adventures Air Charter Guides and Outfitters, Inc.

76.     Answering Defendants incorporate by reference as though fully set forth herein, all its answers to the allegations contained in Paragraphs 1-75 of the Plaintiffs' first amended complaint.

77.     The allegations contained in Paragraph 77 constitute a legal conclusion for which no answer is required.

78.     Answering Defendants deny the allegations contained in Paragraph 78 of the Plaintiffs' first amended complaint.

## COUNT VII
### Negligence:  Survival Act
### Soldotna Aircraft & Equipment Leasing, LLC

79.     The allegations contained in Paragraph 79 constitute a legal conclusion for which no answer is required.

80.     Answering Defendants incorporate by reference as though fully set forth herein, all its answers to the allegations contained in Paragraphs 1-79 of the Plaintiffs' first amended complaint.

81.     Answering Defendants admit the allegations contained in Paragraph 81 of the Plaintiffs' first amended complaint.

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

82.     Answering Defendants deny the allegations contained in Paragraph 82 of the Plaintiffs' first amended complaint.

83.     Answering Defendants deny the allegations contained in Paragraph 83 of the Plaintiffs' first amended complaint.

84.     Answering Defendants deny the allegations contained in Paragraph 84 of the Plaintiffs' first amended complaint.

85.     Answering Defendants deny the allegations contained in Paragraph 85 of the Plaintiffs' first amended complaint.

86.     Answering Defendants deny the allegations contained in Paragraph 86 of the Plaintiffs' first amended complaint.

87.     The allegations contained in Paragraph 87 constitute a legal conclusion for which no answer is required.  Answering Defendants deny any violation of the Federal Aviation Regulations.

88.     Answering Defendants deny the allegations contained in Paragraph 88 of the Plaintiffs' first amended complaint.

**COUNT VIII**
**Negligence:  Wrongful Death**
**Soldotna Aircraft & Equipment Leasing, LLC**

89.     Answering Defendants incorporate by reference as though fully set forth herein, all its answers to the allegations contained in Paragraphs 1-88 of the Plaintiffs' first amended complaint.

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS
Page 17 of 23
Case 3:21-cv-00049-JWS   Document 19   Filed 05/13/21   Page 17 of 23

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

90.     The allegations contained in Paragraph 90 constitute a legal conclusion for which no answer is required.

91.     Answering Defendants deny the allegations contained in Paragraph 91 of the Plaintiffs' first amended complaint.

**COUNT IX**
**Negligence:  Survival Act**
**Estate of Gregory Bell**

92.     Answering Defendants incorporate by reference as though fully set forth herein, all its answers to the allegations contained in Paragraphs 1-91 of the Plaintiffs' first amended complaint.

93.     The allegations contained in Paragraph 93 constitute a legal conclusion for which no answer is required.

94.     Answering Defendants admit the allegations contained in Paragraph 94 of the Plaintiffs' first amended complaint.

95.     Answering Defendants deny the allegations contained in Paragraph 95 of the Plaintiffs' first amended complaint.

96.     Answering Defendants deny the allegations contained in Paragraph 96 of the Plaintiffs' first amended complaint.

97.     The allegations contained in Paragraph 97 constitute legal conclusions for which no answer is required.  Answering Defendants deny any violation of the Federal Aviation Regulations.

98.     Answering Defendants deny the allegations contained in Paragraph 98 of the Plaintiffs' first amended complaint.

**COUNT X**
**Negligence:  Wrongful Death**
**Estate of Gregory Bell**

99.     Answering Defendants incorporate by reference as though fully set forth herein, all its answers to the allegations contained in Paragraphs 1-98 of the Plaintiffs' first amended complaint.

100.    The allegations contained in Paragraph 100 constitute a legal conclusion for which no answer is required.

101.    Answering Defendants deny the allegations contained in Paragraph 101 of the Plaintiffs' first amended complaint.

**DAMAGES**

102.    As to the allegations contained in Paragraph 102, Answering Defendants admit the damages, if any, will be in excess of $75,000.  Answering Defendants deny any other allegations contained therein.

**GENERAL DENIAL**

Answering Defendants deny each and every allegation not specifically admitted.

**AFFIRMATIVE DEFENSES**

AND NOW, having answered Plaintiff's First Amended Complaint, Answering Defendants assert the following Affirmative Defenses:

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS
Page 19 of 23
Case 3:21-cv-00049-JWS   Document 19   Filed 05/13/21   Page 19 of 23

1.      The First Amended Complaint fails to state a claim for relief.

2.      Gary Knopp, the deceased pilot, was the sole cause of the aircraft accident and all fault should be apportioned to him in accordance with AS 09.17.080.

3.      Alternatively, and without waiving other defenses, the trier of fact must allocate fault to the responsible party or parties in accordance with the mandate of AS 09.17.080, mitigating the Answering Defendants' responsibility for damages to the Plaintiffs.

4.      Any damage, injury of condition, if any, was caused in whole or in part, by an intervening and/or superseding cause for which Answering Defendants are not responsible.

5.      Plaintiffs' damages, if any, directly and proximately resulted from the negligent and/or intentional acts or omissions of Gary Knopp over whom the Answering Defendants had no control and over whom the Answering Defendants bear no legal liability.

6.      Actions seeking the imposition of punitive damages are essentially criminal in nature and entitle defendant to the rights given to a defendant in a criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.  Procedures in a civil action such as the present action, which deny such rights to a defendant, include, among other things, (1) permitting proof of the factual predicate for imposition of punitive damages by less than proof beyond a reasonable doubt, and (2) permitting a jury verdict by less that unanimous vote.

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

7.     The imposition of punitive damages constitutes a denial of due process and equal protection of the laws in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and art. I, Sections 1 and 7 of the Alaska Constitution.

8.     The imposition of punitive damages violates rights guaranteed under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and art. I, section 1, 7 and 12 of the Alaska Constitution by, among other things, not limiting the discretion of the trier of fact as to the amount of punitive damages which may be awarded.

9.     The imposition of punitive damages is impermissible vague, imprecise and inconsistent in violation of defendant's rights guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution, and art. I, Section 1 and 7 of the Alaska Constitution.

10.     Defendant expressly reserves, and does not waive, its right to assert any and all additional defenses, affirmative defenses, counterclaims, cross-claims, or third-party claims.

11.     All other defenses not herein stated are specifically reserved and shall be asserted at such time as the facts supporting their assertion are made known to or discovered by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Defendants prays for the following relief:

1.     For judgment in favor of Defendants and against Plaintiffs on all claims in the Complaint;

2.      For allocation of fault in accordance with AS 09.17.080 one hundred percent (100%) to the deceased pilot Gary Knopp.

3.      For costs and attorneys' fees as allowable under Alaska's Rules of Civil Procedure and Administrative Rules; and

4.      For such other and further relief as the court deems just and equitable in the circumstances.

DATED this 13th day of May, 2021, at Anchorage, Alaska.

LAW OFFICE OF BRENT R. COLE, P.C.
Attorneys for High Adventures Air Charter Guides and Outfitters, Soldotna Aircraft and Equipment Leasing, LLC, and Cindy Lynn Rainey-Bell as Personal Representative of the Estate of Gregory Bell

By:     /s/ Brent Cole
        Brent R. Cole
        AK State Bar No. 8606074

**CERTIFICATE OF SERVICE**

This is to certify that on this 13th day of May, 2021, a true and correct copy of the foregoing document was
☐ Mailed
☐ Hand-delivered
☐ Faxed
☒ Emailed

to the following:

Michael J. Schneider, *Esq*
Law Offices of Michael J. Schneider, P.C.
mschneider@aktriallaw.com

Mary F. Schiavo, Esq.
James R. Brauchle, Esq.
Motley Rice
mschiavo@motleyrice.com
jbrauchle@motleyrice.com

Blaine D. Gilman, Esq.
Gilman and Pevehouse
bdgilman@gilmanlawak.com

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS
Page 22 of 23

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

Amanda Harber, Esq.
49th State Law LLC
amanda@49thstatelaw.com


Matthew S. Sims, Esq.
Melanie J. VanOverloop, Esq.
Rapoport Weisberg & Sims, P.C.
msims@rapoportlaw.com
mvanoverloop@papoportlaw.com

Charles Hodge, Esq.
Hodge & Langley Law Firm
chodge@hodgelawfirm.com

_____/s/ Nicole Miller_____
Staff at Law Office of Brent R. Cole, P.C.

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

Answer to Plaintiffs' First Amended Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS