Brent R. Cole, Esq.
Law Office of Brent R. Cole, P.C.
staff@akcolelaw.com
brent@akcolelaw.com
Attorneys for High Adventures Air Charter Guides and Outfitters, Inc.,
and Cindy Lynn Rainey-Bell as Personal Representative of the Estate of Gregory Bell

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHRISTOPHER JOEL WRIGHT and CYNTHIA ELAINE WRIGHT, as Co-Personal Representatives of the Estate of KIRSTIN NICOLE WRIGHT, deceased<br><br>Plaintiffs,<br><br>vs.<br><br>HELEN KNOPP, as Personal Representative of the ESTATE OF GARY KNOPP, deceased; HELEN KNOPP, individually and d/b/a G & H CONSTRUCTION; HIGH ADVENTURES AIR CHARTER GUIDES AND OUTFITTERS, INC.; SOLDOTNA AIRCRAFT & EQUIPMENT LEASING, LLC; CINDY LYNN RAINEY-BELL as Personal Representative of the ESTATE OF GREGORY BELL,<br><br>Defendants,<br>_____<br><br>HELEN KNOPP, INDIVIDUALLY and as the PERSONAL REPRESENTATIVE of the ESTATE OF GARY KNOPP<br><br>Cross-Complainants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 3:21-cv-00049-JWS<br>)              3:21-cv-00051-JWS<br>)<br>)<br>)<br>) |

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 1 of 14

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

| | |
|---|---|
| HIGH ADVENTURES AIR CHARTER GUIDES AND OUTFITTERS, INC.; CINDY LYNN RAINEY-BELL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GREGORY BELL, | ) ) ) ) ) ) |
| Cross Defendants. | ) ) ) ) |

## ANSWER AND COUNTER-CLAIM TO KNOPP'S ANSWER TO FIRST AMENDED COMPLAINT AND CROSS-CLAIM

**COMES NOW** Cross-Defendants High Adventures Air Charter Guides and Outfitters, Inc. and Cindy Lynn Rainey-Bell as Personal Representative of the Estate of Gregory Bell ("Cross-Defendants") by and through counsel, the Law Firm of Brent R. Cole, P.C., and for their answer to Cross-Complainants' Answer to First Amended Complaint and Cross-Claim state as follows:

### CROSS-CLAIM

102. As to Paragraph 102, Answering Cross-Defendants are without knowledge to either admit or deny the allegations contained in Paragraph 102 of the Cross-Complainants' Cross-Complaint, and therefore, deny the same.

103. As to Paragraph 103 of the Cross-Complainants' Cross-Complaint, Answering Cross-Defendants admit the allegations contained therein.

104. As to Paragraph 104 of the Cross-Complainants' Cross-Complaint, Answering Cross-Defendants admit the allegations contained therein.

105. As to Paragraph 105 of the Cross-Complainants' Cross-Complaint, Answering Cross-Defendants are without knowledge to either admit or deny the allegations contained therein, and therefore deny the same.

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 2 of 14

Case 3:21-cv-00049-JWS   Document 21   Filed 05/14/21   Page 2 of 14

106. As to Paragraph 106 of the Cross-Complainants' Cross-Complaint, Answering Cross-Defendants admit the allegations contained therein.

## I. GENERAL ALLEGATIONS

107. Answering Cross-Defendants deny the allegations contained in Paragraph 107 of Cross-Complainants' Cross-Complaint. Answering Cross-Defendants admit Gregory Bell was acting as an employee of High Adventures Air Charter Guides and Outfitters, Inc. and within the scope of his employment at all material times.

108. Answering Cross-Defendants deny the allegations contained in Paragraph 108 of Cross-Complainants' Cross-Complaint. Answering Cross-Defendants admit plaintiffs' decedents, Caleb Parker Hulsey, Makay Mackay, Alexander Hulsey, and William Alan Husley were passengers in the leased de Havilland DHC-2 Beaver piloted by decedent Gregory Bell within his scope of employment with High Adventures Air Charter Guides and Outfitters, Inc.

## II. NEGLIGENCE AND APPORTIONMENT UNDER AS19.17.080

109. Answering Cross-Defendants incorporate by reference as though fully set forth herein, all their answers to the allegations contained in Paragraphs 102-108 of the Cross-Complainants' Cross-Complaint.

110. Answering Cross-Defendants (High Adventures Air Charter Guides and Outfitters, Inc) admit the allegations in Paragraphs 110 of the Cross-Complainants' Cross-Complaint.

111. Answering Cross-Defendants (High Adventures Air Charter Guides and Outfitters, Inc) deny the allegations in Paragraphs 111 of the Cross-Complainants' Cross-Complaint.

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 3 of 14

Case 3:21-cv-00049-JWS   Document 21   Filed 05/14/21   Page 3 of 14

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

112. Answering Cross-Defendants (High Adventures Air Charter Guides and Outfitters, Inc) deny the allegations in Paragraphs 112 of the Cross-Complainants' Cross-Complaint.

113. The allegations contained in Paragraph 113 constitute a legal conclusion for which no answer is required. To the extent an answer is required, Answering Cross-Defendants admit AS 09.17.080 requires responsible parties be apportioned damages according with their respective fault as determined by a trier of fact, but deny the remaining allegations contained therein.

### III. NEGLIGENCE—SURVIVAL ACT

114. Answering Cross-Defendants (High Adventures Air Charter Guides and Outfitters, Inc) incorporate by reference as though fully set forth herein, all their answers to the allegations contained in Paragraphs 102-113 of the Cross-Complainants' Cross-Complaint.

115. The allegations contained in Paragraph 115 constitute a legal conclusion for which no answer is required.

116. Answering Cross-Defendants deny the allegations contained in Paragraph 116 of Cross-Complainants' Cross-Complaint. Answering Cross-Defendants admit Gregory Bell and High Adventures Air Charter Guides and Outfitters, Inc. owed duties of care under Alaska law and federal law, including the Federal Aviation Regulations, to operate in a reasonable safe manner the leased de Havilland DHC-2.

117. Answering Cross-Defendants (High Adventures Air Charter Guides and Outfitters, Inc) deny the allegations in Paragraphs 117 of the Cross-Complainants' Cross-Complaint.

118. Answering Cross-Defendants deny the allegations in Paragraphs 118 of the Cross-Complainants' Cross-Complaint.

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 4 of 14

Case 3:21-cv-00049-JWS   Document 21   Filed 05/14/21   Page 4 of 14

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

119. Answering Cross-Defendants admit the limits of insurance protection exceed one million dollars as alleged in Paragraph 119 of the Cross-Complainants' Cross-Complaint, but are without knowledge to admit or deny the remaining allegations and therefore deny the same.

### IV. WRONGFUL DEATH

120. Answering Cross-Defendants incorporate by reference as though fully set forth herein, all their answers to the allegations contained in Paragraphs 102-119 of the Cross-Complainants' Cross-Complaint.

121. The allegations contained in Paragraph 121 constitute a legal conclusion for which no answer is required.

122. Answering Cross-Defendants deny the allegations in Paragraphs 122 of the Cross-Complainants' Cross-Complaint.

123. Answering Cross-Defendants admit the limits of insurance protection exceed one million dollars as alleged in Paragraph 123 of the Cross-Complainants' Cross-Complaint, but are without knowledge to admit or deny the remaining allegations and therefore deny the same.

### GENERAL DENIAL

Answering Cross-Defendants deny each and every allegation not specifically admitted.

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 5 of 14

## AFFIRMATIVE DEFENSES

AND NOW, having answered Cross-Complainants' Cross-Complaint, Answering Cross-Defendants assert the following Affirmative Defenses:

1. The Cross-Complainants' Cross-Complaint fails to state a claim for relief.

2. Gary Knopp, the deceased pilot, was the sole cause of this aircraft accident and no apportionment of fault is appropriate under AS 09.17.080.

3. Gary Knopp, the deceased pilot, was the sole cause of this aircraft accident, precluding any recovery for damages under Cross-Complainants' Cross-Complaint.

4. Any damage, injury of condition, if any, was caused in whole or in part, by an intervening and/or superseding cause for which Answering Cross-Defendants are not responsible.

5. Cross-Claimants' damages, if any, directly and proximately resulted from the negligent and/or intentional acts or omissions of Gary Knopp over whom the Answering Cross-Defendants had no control and over whom the Answering Cross-Defendants bear no legal liability.

6. Cross-Defendant expressly reserves, and does not waive, its right to assert any and all additional defenses, affirmative defenses, counterclaims, cross-claims, or third-party claims.

7. All other defenses not herein stated are specifically reserved and shall be asserted at such time as the facts supporting their assertion are made known to or discovered by Cross-Defendants.

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 6 of 14

Case 3:21-cv-00049-JWS   Document 21   Filed 05/14/21   Page 6 of 14

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

## COUNTER-CLAIM

COMES NOW Answering Cross-Defendant, Cindy Lynn Rainey-Bell as Personal Representative of the Estate of Gregory Bell, ("Answering Cross-Complainants") by and through her counsel, and hereby states and alleges a counter-claim against Helen Knopp as Personal Representative of the Estate of Knopp as follows:

124. Cindy Lynn Rainey-Bell is the Personal Representative of the Estate of Gregory Bell and is qualified to bring this lawsuit on behalf of the Estate of Gregory Bell.

125. At all material times, Gary Knopp owned, controlled, maintained, and operated a certain Piper PA-12 aircraft (N2587M).

### I. GENERAL ALLEGATIONS

126. In March 2012, the FAA received an eye evaluation report from Gary Knopp's ophthalmologist. In this report, the ophthalmologist noted that Gary Knopp had medically controlled open-angle glaucoma with visual field loss in both eyes and required ophthalmology follow up every 4 months.

127. Based on this, in June of 2012, Gary Knopp's FAA medical flight certification was denied because of eyesight and vision problems.

128. Gary Knopp appealed the denial of his medical certificate and on an appeal, the denial was affirmed in July of 2012.

129. Thereafter, Gary Knopp never obtained an FAA medical certificate.

130. Despite the medical recommendation in March of 2012 that Gary Knopp see an ophthalmologist every 4 months, he did not follow that advice. The next and last time

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 7 of 14

Case 3:21-cv-00049-JWS   Document 21   Filed 05/14/21   Page 7 of 14

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

he ever saw an ophthalmologist was in June 2014. At that visit, his (confrontation) visual fields were abnormal inferiorly in the right and left eyes. He had an artificial lens in place in the right eye, and age-related changes in the left eye.

131. Gary Knopp's most recent visual field testing took place on October 1, 2019. Similar to previous tests, results showed significant visual field deficits in both eyes, right worse than left. As reported by the NTSB:

> The right eye test was a good-quality test. It showed significant deficits across nearly the entire tested field when compared to age-matched normal subjects. For almost the entire inferior portion of the tested field, even the brightest available stimulus was not seen. There were small areas of relatively better (but still unlikely normal) performance near the center of the tested field just above the horizontal midline, and at the superonasal edge of the tested field. The left eye test was also a good-quality test. It showed significant deficits across most of the inferior tested field, and in a portion of the superior tested field. Inferior field deficits were worse nasally; even the brightest available stimulus was not seen for the entire inferonasal quadrant of the tested field.

132. Gary Knopp's most recent optometry visit was in May 2020. The optometrist noted a diagnosis of severe open-angle glaucoma, right greater than left, and a plan for Gary Knopp to be referred back to his ophthalmologist for re-evaluation and possible repeat laser surgery or other procedure, with another optometry visit to be scheduled in 4-6 months.

133. As of July 31, 2020, Gary Knopp did not have a properly issued FAA medical certificate.

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 8 of 14

Case 3:21-cv-00049-JWS   Document 21   Filed 05/14/21   Page 8 of 14

134. As reported by the NTSB, post-mortem toxicological testing was performed by the FAA Forensic Sciences Laboratory, which detected ethanol in Gary Knopp's body.

135. On July 31, 2020 a de Havilland DHC-2 Beaver operated by Gregory Bell on behalf of High Adventures Air Charter Guides and Outfitters, INC departed Longmere Lake at approximately 0824 ADT with 5 passengers aboard.

136. At approximately the same time, the Piper PA-12 piloted by Gary Knopp departed Soldotna Airport bound for Fairbanks, Alaska.

137. Meteorological conditions at the time as recorded at Soldotna Airport (PASX) were daylight, clear with ceilings at 8500 agl, and visibility of 10 miles.

138. Preliminary flight track data reveals that the DHC-2 Beaver was traveling northwest about 1,175 ft mean sea level (msl) and gradually climbing about 78 knots (kts) when it crossed the Sterling Highway near Soldotna, Alaska. At or around the same time, the Piper PA-12 was traveling northeast about 1,175 ft msl at about 71 kts, north of andparallel to the Sterling Highway.

139. As a result of the conduct of Gary Knopp and the resultant mid-air collision, Gregory Bell suffered severe and ultimately fatal injuries that caused his death.

## II. SURVIVAL STATUTE

140. Cross-Defendant hereby incorporates by reference, as though fully set forth herein, all of the paragraphs above, and further alleges as follows.

141. This Count is brought pursuant to Alaska's Survival Act Statute, AK § 09.55.570.

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 9 of 14

Case 3:21-cv-00049-JWS   Document 21   Filed 05/14/21   Page 9 of 14

142. On July 31, 2020, Gary Knopp owed duties of care under both Alaska law and federal law, including the Federal Aviation Regulations, to operate in a reasonable safe manner the Piper PA-12 which he was flying.

143. Notwithstanding and in violation of these duties, Gary Knopp committed the following negligent acts and/or omissions:

    a. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 61.23, he knowingly operated an aircraft as a solo pilot without a valid medical certificate;

    b. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.113, he failed to comply with aircraft right-of-way;

    c. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.113(b), he failed to see and avoid another aircraft;

    d. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.111, he failed to maintain proper aircraft spacing;

    e. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.13, he operated the aircraft in a careless and/or reckless manner;

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 10 of 14

Case 3:21-cv-00049-JWS   Document 21   Filed 05/14/21   Page 10 of 14

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

  f. Failed to properly use collision avoidance technology and techniques, including scanning for the presence of other aircraft, in addition to properly monitoring and utilizing the radio with regard to position and traffic reporting;

  g. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, operated his aircraft knowing that he had permanent and irreversible vision impairments in both of his eyes.

144. Gregory Bell, as a pilot aboard an aircraft within the airspace of the United States, was in the class of persons intended to be protected by the above-referenced sections of the Federal Aviation Regulations (FARs). The above-referenced FARs were designed to protect from the harm of midair collisions. The violation of some or all of these federal regulations constitute negligence *per se* under Alaska law.

145. As a direct and proximate result of one or more of these aforementioned acts or omissions, the Cross-Defendant Cindy Lynn Rainey-Bell's decedent suffered severe and ultimately fatal personal injuries and death, including but not limited to conscious pain and suffering, pre-impact terror, and severe emotional distress.

### III. WRONGFUL DEATH

146. Cross-Defendant hereby incorporates by reference, as though fully set forth herein, the preceding count and further alleges as follows:

147. This Count is brought pursuant to Alaska's Wrongful Death Statute, AK § 09.55.580.

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 11 of 14

Case 3:21-cv-00049-JWS Document 21 Filed 05/14/21 Page 11 of 14

148. As a direct and proximate result of one or more of these aforementioned acts or omissions, Cross-Defendant Cindy Lynn Rainey-Bell suffered damages as established under the Alaska Wrongful Death Statute, including but not limited to pecuniary loss including the decedent's net lifetime earnings.

**PRAYER FOR RELIEF**

WHEREFORE, Cross-Defendant pray for the following relief:

1. For judgment in favor of Cross-Defendants and against Cross-Claimants on all claims in the Complaint;

2. For damages including the following:

   a. For pecuniary and non-pecuniary damages;

   b. For pre-death pain and suffering and emotional distress of decedent Gregory Bell;

   c. For lost earnings;

   d. For other economic and non-economic damages;

3. For costs and attorneys' fees as allowable under Alaska's Rules of Civil Procedure and Administrative Rules; and

4. For such other and further relief as the court deems just and equitable in the circumstances.

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 12 of 14

Case 3:21-cv-00049-JWS   Document 21   Filed 05/14/21   Page 12 of 14

DATED this 14th day of May, 2021, at Anchorage, Alaska.

>LAW OFFICE OF BRENT R. COLE, P.C.
>Attorneys for High Adventures Air Charter Guides and Outfitters and Cindy Lynn Rainey-Bell as Personal Representative of the Estate of Gregory Bell
>
>By: /s/Brent R. Cole
>Brent R. Cole
>AK State Bar No. 8606074

**CERTIFICATE OF SERVICE**

This is to certify that on this 14th day of May, 2021, a true and correct copy of the foregoing document was
☐ Mailed
☐ Hand-delivered
☐ Faxed
☒ Emailed

to the following:

Michael J. Schneider, *Esq*
Law Offices of Michael J. Schneider, P.C.
mschneider@aktriallaw.com

Mary F. Schiavo, Esq.
James R. Brauchle, Esq.
Motley Rice
mschiavo@motleyrice.com
jbrauchle@motleyrice.com

Blaine D. Gilman, Esq.
Gilman and Pevehouse
bdgilman@gilmanlawak.com

Amanda Harber, Esq.
49th State Law LLC
amanda@49thstatelaw.com

Matthew S. Sims, Esq.
Melanie J. VanOverloop, Esq.
Rapoport Weisberg & Sims, P.C.
msims@rapoportlaw.com
mvanoverloop@papoportlaw.com

Charles Hodge, Esq.
Hodge & Langley Law Firm
chodge@hodgelawfirm.com

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 13 of 14

    /s/Nicole Miller
Staff at Law Office of Brent R. Cole, P.C.

Answer and Counter-Claim to Knopp's Answer to First Amended Complaint and Cross Complaint
*Wright v. Knopp, et al.*; 3:21-cv-00049-JWS; 3:21-cv-00051-JWS
Page 14 of 14

Case 3:21-cv-00049-JWS   Document 21   Filed 05/14/21   Page 14 of 14

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax