Blaine D. Gilman, Esq.
Emily A.J. Hall, Esq.
Gilman & Pevehouse
130 South Willow, Suite 3
Kenai, Alaska 99611
Tel: (907) 283-2600
Fax: (907) 283-2009
Email: bdgilman@gilmanlawak.com
ejhall@gilmanlawak.com

Attorneys for Helen Knopp, as Personal Representative
Of the Estate of Gary Knopp, deceased, Helen Knopp, individually
And G & H Construction

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **CHRISTOPHER JOEL WRIGHT and CYNTHIA ELAINE WRIGHT, as Co-Personal Representatives of the Estate of KIRSTIN NICOLE WRIGHT, deceased,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **Helen Knopp, as Personal Representative Of The Estate Of Gary Knopp, deceased,** *et al.*, <br><br> Defendants. | Case No.: 3:21-cv-00049-JWS |

## ANSWER TO COUNTER-CLAIM

Helen Knopp, as Personal Representative of the Estate of Gary Knopp, deceased, ("Answering Counter-Claim Defendant") by and through Gilman & Pevehouse, answers Cindy Lynn Rainey-Bell as Personal Representative of the Estate of Gregory Bell's Counter-Claim as follows:[1]

---

[1] The Estate of Gregory Bell has filed identical Counter-Claims in the Wright Estate lawsuit (3:21-cv-00049-JWS) and the Hulsey Estates' lawsuit (3:21-cv-00051). These cases were consolidated on May 24, 2021. In order to

Answer To Counter-Claim, Page **1** of **6**
*Wright, et al. v. Knopp, et al.*, Case No: 3:21-cv-00049-JWS

124. With regard to paragraph 124 of the Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

125. With regard to paragraph 125 of the Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

## I. GENERAL ALLEGATIONS

126. With regard to paragraph 126 of the Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

127. With regard to paragraph 127 of the Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

128. With regard to paragraph 128 of the Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

129. With regard to paragraph 129 of the Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

130. With regard to paragraph 130 of the Counter-claim, Answering Counter-Claim Defendant admits that Gary Knopp saw an ophthalmologist in June 2014. Answering Counter-Claim Defendant further admits that at that visit, Gary Knopp's (confrontation) visual field were abnormally inferiorly in the right and left eyes. Answering Counter-Claim Defendant admit that Gary Knopp had an artificial lens in place in the right eye, and age-related changes in the left eye. Answering Counter-Claim Defendant denies any further allegations contained therein.

131. With regard to paragraph 131 of Counter-Claim, Answering Counter-Claim Defendant admits that Gary Knopp's most recent visual field testing too place on October 1, 2019. Answering Counter-Claim Defendant admits that test results showed visual field deficits in both

---

avoid confusion, the Estate of Gary Knopp, is filing a single answer to counter-claim in the Wright Estate Lawsuit and incorporates its answers into the Hulsey Estates' lawsuit.

eyes, right worse than left. Answering Counter-Claim Defendant admits that the quoted language came from an NTSB report. Answering Counter-Claim Defendant denies any further allegations contained therein.

132. With regard to paragraph 132 of Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

133. With regard to paragraph 133 of Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

134. With regard to paragraph 134 of Counter-Claim, Answering Counter-Claim Defendant admits that the NTSB reported that post-morten toxicological testing was performed by the FAA Forensic Sciences Laboratory, which detected ethanol in Gary Knopp's muscle at 0.011 grams per deciliter (g/uL). Answering Counter-Claim Defendant deny any further allegations contained therein.

135. With regard to paragraph 135 of Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

136. With regard to paragraph 136 of Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

137. With regard to paragraph 137 of Counter-Claim, Answering Counter-Claim Defendant admits the allegation contained therein.

138. With regard to paragraph 138 of Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

139. With regard to paragraph 139 of Counter-Claim, Answering Counter-Claim Defendant admits that Gregory Bell died as a result of the mid-air collision. Answering Counter-Claim Defendant denies any further allegations contained therein.

## II. SURVIVAL STATUTE

140. With regard to paragraph 140 of Counter-Claim, Answering Defendant incorporates by reference its answers in paragraphs 124 - 139 as if fully set forth herein.

141. With regard to paragraph 141 of Counter-Claim, the allegation is a legal conclusion and does not require an answer.

142. With regard to paragraph 142 of Counter-Claim, Answering Counter-Claim Defendant admits the allegations contained therein.

143. With regard to paragraph 143 of Counter-Claim, Answering Counter-Claim Defendant admits that Gary Knopp knowingly operated an aircraft as a solo pilot without a valid medical certificate. Answering Counter-Claim Defendant denies all further allegations contained therein.

144. With regard to paragraph 144 of Counter-Claim, the allegation is a legal conclusion and does not require an answer.

145. With regard to paragraph 145 of Counter-Claim, Answering Counter-Claim Defendant admits that Gregory Bell died as a result of the mid-air collision. Answering Counter-Claim Defendant denies any further allegations contained therein.

## III. WRONGFUL DEATH

146. With regard to paragraph 146 of Counter-Claim, Answering Counter-Claim Defendant incorporates by reference its answers in paragraphs 124 - 145 as if fully set forth herein.

147. With regard to paragraph 147 of Counter-Claim, the allegation is a legal conclusion and does not require a response.

148. With regard to paragraph 148 of Counter-Claim, Answering Counter-Defendant denies the allegations contained therein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

By way of further answer and by way of further affirmative defenses, answering Counter-Claim Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Counter-Claim Plaintiff's Counter-Claim fails to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

Greg Bell, the deceased pilot, was the sole cause of this aircraft accident.

### THIRD AFFIRMATIVE DEFENSE

Any damage, injury of condition, if any, was caused in whole or in part, by any intervening and/or superseding cause for which Answering Counter-Claim Defendant is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Answering Counter-Claim Defendant reserve the right to assert whatever other affirmative defenses that may become available as discovery progresses.

### PRAYER

WHEREFORE, having answered the Counter-Claim, Answering Counter-Claim Defendant prays that the same be dismissed with prejudice; that Counter-Claim Plaintiff takes nothing from Answering Counter-Claim Defendant; for attorney fees and costs in defending the action; and for such other and further relief as the Court may deem proper.

Dated this 27th day of May, 2021.

Gilman & Pevehouse
Attorneys for Counter-Claim Defendants

/s/ Blaine D. Gilman
Blaine D. Gilman, ABA #: 8611112

**CERTIFICATE OF SERVICE**

I certify that on the 27th day of May, 2021, a true and correct copy of the foregoing was served to all counsel of record in the above-referenced matter through the ECF.

/s/ Rebecca Gilman
Rebecca Gilman

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600    FAX (907) 283-2009